OPINION
{¶ 1} This appeal by the State of Ohio is taken pursuant to R.C.2945.67, following our granting it leave to appeal.
 {¶ 2} On April 22, 2002, the juvenile court, following a trial to the bench, found Christina Moody not guilty of contributing to the unruliness of seventeen-year-old Brian Rutherford.
 {¶ 3} Brian had been missing school and not coming home at night. Some of those nights had been spent at Moody's apartment, which she shared with her then boyfriend, now husband, Ryan Smith. Smith and Brian are cousins. The charge of contributing was based on Moody's permitting Brian to stay at her residence. (She was the only lessee named on her apartment lease).
 {¶ 4} The State advances two assignments of error.
 {¶ 5} "1. The Trial Court Erred In Holding That O.R.C. §2919.24(A)(1) Does Not Impose Strict Liability."
 {¶ 6} The juvenile court rejected the State's argument that R.C.2919.24(A)(1) is a strict liability statute. The juvenile court also found there was no evidence that Moody was reckless, a finding that is not disputed on appeal.
 {¶ 7} In State v. Pappas, Miami App. No. 2001 CA 23,2001-Ohio-6999, we stated that R.C. 2919.24 was not a strict liability statute.
 {¶ 8} "When a section of the Ohio Revised Code defining a criminal offense neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense. R.C. 2901.21(B). We find nothing in R.C. 2919.24 that plainly indicates a purpose to impose strict liability. Nor, in our view, would it make sense for this to be a strict liability offense.
 {¶ 9} "* * *
 {¶ 10} "Because R.C. 2919.24 is not a strict liability offense, and because no particular culpability is specified, recklessness is sufficient culpability."
 {¶ 11} Essentially, the State asks us to reconsider what we said about R.C. 2919.24 in Pappas, but it has furnished us with no compelling reason to do so.
 {¶ 12} The first assignment is overruled.
 {¶ 13} "2. The Trial Court Erred By Holding That A Defendant's Failure To Prohibit A Minor From Living In Or Being In The Defendant's Domicile Against The Wishes Of The Minor's Parent Or Legal Guardian Does Not Constitute Either A Voluntary Act Or A Failure To Perform An Act Or Duty In Aid Of A Minor's Unruliness."
 {¶ 14} Although not a model of clarity, the State's argument under this assignment is that Moody was obliged to determine whether Brian was permitted to stay at her apartment. See R.C. 2901.21(A)(1).
 {¶ 15} We do not need to reach this issue because regardless of whether Moody had such a duty, the State failed to prove the requisite culpable state. See first assignment. Suffice it to say that at the time in question, Brian was between three and four months shy of his eighteenth birthday, and Ryan Smith — who lived at the apartment with Moody — was Brian's cousin. Furthermore, there was no evidence that Moody knew that Brian was under eighteen, knew of Brian's truancy, or knew that Brian's overnights at her apartment were unpermitted until she was so informed by a police officer, after which she stopped the visits. We find no fault with the juvenile court's not articulating a duty to inquire under these circumstances.
 {¶ 16} The second assignment is overruled.
 {¶ 17} The judgment will be affirmed.
FAIN, P.J. and YOUNG, J., concur.